UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FERNANDO LOPERA, on behalf
of himself and all others
similarly situated,

      Plaintiff,

v.                          Case No.: 8:16-cv-1448-T-33JSS

MIDLAND CREDIT MANAGEMENT,
INC.,

      Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant Midland Credit Management, Inc.'s Motion to Strike the Class Allegations in the Complaint (Doc. # 22), filed on September 27, 2016. Plaintiff Fernando Lopera filed a response and Cross-Motion for Extension of Time to Move for Class Certification (Doc. # 28), on October 12, 2016. Midland did not respond to Lopera's Cross-Motion for extension of time. For the reasons that follow, the Court grants the Motion to Strike and denies the Cross-Motion for Extension of Time.

## I.  Background

On June 6, 2016, Lopera filed the putative class action Complaint, alleging that Midland violated multiple provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

1

_et seq._ (Doc. # 1). After Lopera failed to respond to two Orders for status reports regarding service of process, the Court dismissed the case without prejudice for failure to prosecute on August 9, 2016. (Doc. # 6). Then, on August 19, 2016, Lopera requested that the Court reopen the case and explained that he did not receive the Court's Orders because counsel's contact information with the Clerk was out-of-date. (Doc. # 10). The Court granted Lopera's motion and the case was reopened on August 22, 2016. (Doc. # 11).

On September 6, 2016, the Court entered its Scheduling Order staying all discovery, except for the limited discovery described in that Order, pending mediation. (Doc. # 15 at ¶ 2). Pursuant to that Order, the parties scheduled mediation for December 1, 2016. (Doc. ## 17, 18).

On September 26, 2016, Lopera filed a Notice, styled as a letter to the Court, in which Lopera requested an extension of time to move for class certification and complete discovery. (Doc. # 21). The Court struck that Notice for failure to comply with Local Rule 3.01(f), which requires all requests for relief to be filed in the form of a motion, and 3.01(g), which requires that the moving party confer with opposing counsel before filing a motion. (Doc. # 23).

On September 27, 2016, Midland filed its Motion to Strike the Class Allegations in the Complaint. (Doc. # 22). Subsequently, on October 12, 2016, Lopera filed his response and Cross-Motion for Extension of Time to Move for Class Certification. (Doc. # 28). Midland did not file a response to the Cross-Motion. The Motions are ready for the Court's consideration.

## II.   Discussion

Pursuant to Local Rule 4.04(b), M.D. Fla., within ninety days of filing the complaint, a plaintiff shall move for a determination under Federal Rule of Civil Procedure 23(c)(1) as to whether the case is to be maintained as a class action, unless the time is extended by the Court for cause shown. "A district court has the authority to apply local rules prescribing a deadline for filing a motion for class certification and to sanction a plaintiff for noncompliance with the local rules." Wright v. Dyck-O'neal, Inc., No. 2:15-cv-249-FtM-38MRM, 2016 WL 3912050, at *2 (M.D. Fla. June 27, 2016)(citing Martinez-Mendoza v. Champion Int'l Corp., 340 F.3d 1200, 1216 n.38 (11th Cir. 2003)).

A court may grant a motion for extension of time made after a deadline has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The

Supreme Court has defined excusable neglect as including "inadvertence, mistake, or carelessness." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388 (1993). The Court enumerated four factors to be used in determining excusable neglect: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395. It is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." Id.

"These factors must be evaluated in light of the procedural rules surrounding class certification." Wilcox v. Taco Bell of Am., Inc., No. 8:10-cv-2383-T-33MAP, 2011 WL 3444261, at *2 (M.D. Fla. Aug. 8, 2011). Rule 23 requires that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Therefore, "[a] timely motion for class certification is premised on sound practical considerations. Delay by a representative plaintiff impedes the court's consideration of the issue and may prejudice the rights of class members."

4

Jones v. Hartford Ins. Co. of Midwest, 243 F.R.D. 694, 695 (N.D. Fla. 2006).

As the Complaint was filed on June 6, 2016, a motion to move for class certification or motion for extension of time to seek class certification was due by September 6, 2016. However, Lopera did not file a motion by that date. On September 26, 2016, Lopera filed a Notice, requesting an extension of time to move for class certification, in violation of the Local Rules. (Doc. # 21). After the Notice was stricken, Lopera did not immediately resubmit his request in a proper motion. Rather, on October 12, 2016, Lopera included his Cross-Motion to extend the class certification deadline in his response to Midland's Motion to Strike. (Doc. # 28). Thus, Lopera did not properly move for an extension of time until over a month after the ninety day deadline had passed.

The Court acknowledges that, because the Scheduling Order limits discovery, Lopera's ability to file a motion for class certification is restricted. Mediation is scheduled for December 1, 2016, which is almost three months past the class certification deadline of September 6, 2016. Lopera may not have been able to file a worthwhile motion for class certification by the initial class certification deadline

5

because all discovery, except for the limited amount allowed by the Court, had been stayed pending mediation. Cf. Lakeland Reg'l Med. Ctr., Inc. v. Astellas U.S. LLC, No. 8:10-cv-2008-T-33TGW, 2012 WL 2402825, at *2 (M.D. Fla. June 26, 2012)("Although it would have been a far better choice for Lakeland Regional to seek an extension of time prior to the expiration of the deadline, the Court agrees with Lakeland Regional that, due to the complex nature of this case, a worthwhile motion for class certification could not have been filed within that initial ninety day period after Lakeland Regional filed its complaint."). Thus, good cause exists to extend the deadline for class certification.

Yet, Lopera was able to file a motion for extension of time before the deadline, but failed to do so. Therefore, the Court may only grant Lopera's Cross-Motion, extend the class certification deadline, and deny Midland's Motion to Strike if Lopera's failure to move for the extension before the ninety day deadline was the result of excusable neglect.

Midland asserts that Lopera filed his Notice, requesting an extension of time, the day before it filed the Motion to Strike because Midland alerted Lopera to the existence of Local Rule 4.04 and the deadline's expiration before filing its Motion. (Doc. # 22 at 4-5). Lopera filed the Notice on

6

September 26, 2016 — almost three weeks after the deadline passed. See Wilcox, 2011 WL 3444261, at *2 (granting motion to strike class allegations when Plaintiff's "request [for extension] came nearly a month after the deadline had passed, and more than three weeks after Defendants' Motion put him on notice of his error"). Furthermore, Lopera filed the Notice in violation of Local Rules 3.01(f) and (g), regarding the form of motions and the requirement that counsel confer before filing. Cf. Blake v. Enhanced Recovery Co., LLC, No. 3:10-cv-1178-J-37JBT, 2011 WL 3625594, at *3 (M.D. Fla. Aug. 17, 2011)(noting that "Plaintiff's history of failing to comply with rules of procedure in the relatively short history of this case" weighed against granting an extension after the class certification deadline).

Although Lopera's initial request was three weeks late, after the Notice was stricken for failure to comply with the Local Rules, Lopera further delayed until October 12, 2016, to move for an extension of time in his response to Midland's Motion to Strike. See Wilcox, 2011 WL 3444261, at *2 (finding no excusable neglect when "[Plaintiff] did not promptly file a motion for extension of time to move for class certification, instead including a request for extension in his response to Defendants' Motion to Strike").

Lopera admits that he "cannot provide a reason for the delay beyond [Lopera's] control or which has not already been deemed unsatisfactory by the Middle District of Florida." (Doc. # 28 at 8); see, e.g., Seyboth v. Gen. Motors Corp., No. 8:07-cv-2292-T-27TBM, 2008 WL 1994912, at *1 (M.D. Fla. May 8, 2008)(finding no excusable neglect and striking class allegations where "plaintiff provide[d] no explanation for the asserted 'calculation error,' which was fully in counsel's control"); Jones, 243 F.R.D. at 696 (striking class allegations and noting that "Plaintiffs have not offered a valid excuse, nor any excuse at all, for their failure to make a timely motion for class certification").

Finally, Lopera argues that Midland is not prejudiced by his failure to timely move for an extension of time. (Doc. # 28 at 6). Although Midland does not state explicitly that it is prejudiced by Lopera's delay, Midland complains that "this litigation has not progressed further in more than three months [] due to [Lopera's] failure to move this case forward." (Doc. # 22 at 4). Additionally, prejudice to Midland is not the only factor in considering whether to grant an extension because "[e]ven if defendants have not been prejudiced by the delay, 'the public business of the court . . . has been hampered and delayed.'" Jones, 243 F.R.D. at 696

(quoting <u>Walker v. Columbia Univ.</u>, 62 F.R.D. 63, 64 (S.D.N.Y. 1973)).

Furthermore, Lopera's delay in moving for an extension "raises serious questions as to whether he will fairly and adequately represent the class and protect their interests." <u>Strozier v. Gen. Motors Corp.</u>, No. C75-49A, 1976 WL 13328, at *1 (N.D. Ga. Mar. 24, 1976); <u>see also</u> <u>E. Tex. Motor Freight Sys., Inc. v. Rodriguez</u>, 431 U.S. 395, 405 (1977)(noting that "the named plaintiffs' failure to protect the interests of class members by moving for certification surely bears strongly on the adequacy of the representation that those class members might expect to receive").

Based upon the totality of the circumstances, the Court finds that Lopera's failure to timely file a motion for class certification or promptly move for an extension of time to seek class certification was not excusable neglect.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant Midland Credit Management, Inc.'s Motion to Strike the Class Allegations in the Complaint (Doc. # 22) is **GRANTED**. The class allegations in the Complaint are **STRICKEN**.

(2)   Lopera's Cross-Motion for Extension of Time to Move for

Class Certification (Doc. # 28) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of November, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE